IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Derrick Brunson, ) | |
| ) | Civil Action No. 8:03-2608-RBH-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Robert R. Murray, D. Michells, Rick ) | |
| Harrison, and Robert E. Ward, ) | |
| employees of Evans Correctional ) | |
| Institute, ) | |
| ) | |
| Defendants ) | |
| ) | |

The plaintiff, a former state prisoner proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. The plaintiff was previously incarcerated at Kershaw Correctional Institute. On May 24, 2001, while still in prison, he was institutionally charged with threatening to inflict harm. In his complaint, the plaintiff alleged that a prison institutional hearing was held without him present and that he was not afforded the opportunity to call witnesses. The plaintiff further alleged that he submitted a written statement at the time of the charge in which he specifically requested that he be informed of the hearing and be allowed to call witnesses. The plaintiff alleged that, at the prison institutional hearing, where he was not present, he was found guilty and lost 80 days of good time credits. The plaintiff filed institutional appeals but his conviction was upheld. At the administrative level, the guilty verdict was vacated after a South Carolina Administrative

Law Judge ("ALJ") found that the plaintiff had not waived his right to be present at the hearing. There is no indication in the record that any further review took place after the state ALJ's decision.

In his complaint, the plaintiff sought damages for violation of his due process rights. He also sought the return of the 80 days of good time credits he allegedly lost and expungement of the charge from his record. In accordance with 28 U.S.C. §636(b) and Local Rule 73.02, D.S.C., this matter was referred to the undersigned United States Magistrate Judge for a Report and Recommendation. On November 12, 2003, the plaintiff filed a motion for summary judgment along with a supporting memorandum. On November 17, 2003, the defendants filed motions to dismiss along with supporting memoranda. The defendants also filed a response to the plaintiff's summary judgment motion on November 17, 2003. On November 24, 2003, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately. On January 9, 2004, this court issued an order granting the plaintiff an additional twenty days to file a response. On January 14, 2004, the plaintiff filed a response to the defendants' motion to dismiss.

On July 16, 2004, this court filed a Report and Recommendation recommending that the plaintiff's motion for summary judgment be denied and that the defendants' motion to dismiss be denied, as issues of material fact remain.

On July 16, 2004, the same day the Report and Recommendation of this court was entered, the defendants filed additional motions to dismiss. By order dated October 7,

2004, United States District Judge R. Bryan Harwell found that these motions to dismiss should be treated as "supplemental" motions to dismiss. In these "supplemental" motions to dismiss, the defendants argued that the plaintiff's good time credits were restored to him upon the Administrative Law Judge's decision to vacate the decision of the disciplinary officer. The defendants contended that the allegations made by the plaintiff in his complaint were not sufficient to support a claim pursuant to 42 U.S.C. §1983.

On July 22, 2004, again pursuant to *Roseboro*, this court advised the plaintiff of the summary dismissal procedure and the possible consequences if he failed to respond. The plaintiff filed no response to the supplemental motions to dismiss. Because of possible procedural confusion due to the defendants filing what the district court considered "supplemental" motions to dismiss, and the need for additional information by the district court, Judge Harwell remanded the matter back to the undersigned for further review on October 12, 2004. Specifically, the court ordered further review with regard to whether the plaintiff's 80 days of good time credit were returned to him prior to his release from prison. Pursuant to this order, this court issued an order on December 20, 2004, allowing the defendants fifteen (15) days to submit proof that the plaintiff's 80 days of good time credit were restored to him and that the plaintiff received the benefit of the credit prior to his release. Additionally, the plaintiff was given until January 17, 2005 to file a response to the defendants' supplemental motions to dismiss.

On January 3, 2005, the defendants submitted a response to the December 20, 2004 order. In their response, the defendants asserted that the plaintiff suffered no loss of

3

good time credits as a result of his institutional conviction which was later vacated by the ALJ. The defendants further alleged that a temporary loss of good time credits does not support a claim pursuant to 42 U.S.C. §1983. The plaintiff filed no response to the December 20, 2004 order.

On January 26, 2005, the undersigned issued another Report and Recommendation again recommending that the defendants' motions to dismiss be denied because a genuine issue of material fact remained as to whether the plaintiff suffered a net loss of good time credits. This court further recommended that the plaintiff's motion for summary judgment also be denied.

On February 11, 2005, the defendants filed objections to the Report and Recommendation. The plaintiff filed no objections. In an order dated March 28, 2005, Judge Harwell denied the defendants' motions to dismiss and denied the plaintiff's motion for summary judgment. The court found that there was a genuine issue of fact as to whether the plaintiff lost any good time credits, and if so, the number of credits lost. Judge Harwell also noted that "because the defendants filed motions to dismiss and not a motion for summary judgment, they are not precluded from filing a motion for summary judgment if appropriately supported by information... ."

On June 21, 2005, the defendants filed a motion for summary judgment. On June 27, 2005, again pursuant to *Roseboro*, the plaintiff was again advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff elected not to respond to the motion.

4

As the plaintiff is proceeding *pro se*, the court filed a second order on August 19, 2005, giving the plaintiff through September 12, 2005, to file his response to the motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff elected not to respond.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. It is important to note that the plaintiff has not filed any document or pleading in this action since February 25, 2004, when he filed a notice of a change of address.[1] Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

s/Bruce H. Hendricks
United States Magistrate Judge

October 26, 2005

Greenville, South Carolina

---

[1] In this letter, the plaintiff indicated that he would "max-out" of prison on March 1, 2004. Presumably, he has been out of prison since that date.

5